LANIER, Judge,
concurring.
I agree with the majority opinion and assign additional reasons.
THE DOUGHTY’S RIGHTS UNDER THE WRONGFUL DEATH ACTION
La.C.C. art. 2315.2 grants to designated beneficiaries the right to recover from a tortfeasor such damages as the beneficiaries have suffered if a person dies as a result of a tort. This cause of action ordinarily is called the “wrongful death action”. The wrongful death action does not arise until the injured person dies. The wrongful death action is intended to compensate the beneficiaries for injuries suffered by them from the moment of death and thereafter. Guidry v. Theriot, 377 So.2d 319 (La.1979). In this posture, the beneficiaries are victims of the tort and of the tortfeasor.
Mr. and Mrs. Doughty (the Doughtys) assert their claim under La.C.C. art. 2317. In Loescher v. Parr, 324 So.2d 441, 446-447 (La.1975) the Louisiana Supreme Court discussed the theory and policy of Article 2317 as follows:
When harm results from the ... defect of a ... thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the ... guardianship of the ... thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former’s part is proved. The liability arises from his legal relationship to the ... thing whose ... defect creates an unreasonable risk of injuries to others.
The fault of the person thus liable is based upon his failure to prevent the ... thing for whom he is responsible from causing such unreasonable risk of injury to others. Thus, the person to whom society allots the ... guardianship (custody) of the risk-creating ... thing bears the loss resulting from creation of the risk, rather than some innocent third person harmed as a consequence of his failure to prevent the risk. His fault rests upon his failure to prevent the risk-creating harm and upon his obligation to guard against the condition ... which creates the unreasonable risk of harm to others.
This jurisprudence recognizes that the injured person must prove the vice (i.e., unreasonable risk of injury to another) in ... thing whose act causes the damage, and that the damage resulted from this vice. Once this is proved, the owner or guardian responsible for the ... thing can escape liability only if he shows the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force.
(Emphasis added; bolding added)
In the instant case, the Doughtys were the owners-guardians of the defective thing that created the unreasonable risk of harm to another (their son). The Doughtys had a duty to prevent the thing (wood planer) from causing an unreasonable risk of harm to others, not to themselves. Thus, in this wrongful death action, the Doughtys are tort victims and tortfeasors. In this posture, there simply is no duty owed by the Doughtys to themselves to prevent the risk; the duty is owed to persons other than themselves. Further, the sole cause of the damages sustained by the Doughtys in this wrongful death action is their own fault. This victim fault also bars recovery by them against their own liability insurer under the wrongful death action.
THE DOUGHTY’S RIGHTS UNDER THE SURVIVAL ACTION
La.C.C. art. 2315.1 grants to designated beneficiaries the right to inherit a tort cause of action of an injured person who dies. This ordinarily is called the “survival action”. The survival action comes into existence simultaneously with the commission of the tort and is transmitted to the beneficiaries upon the death of the tort victim. The survival action permits recovery only for the damages suffered by the tort victim from the time of the injury to the moment of death. Guidry v. Theriot, 377 So.2d at 322. In this posture, the beneficiaries are not tort victims; they stand in the place of the tort victim.
*1238 The Doughtys owed a duty to their son (and others) under Article 2317 to prevent the thing (wood planer) from causing an unreasonable risk of harm. The Doughtys breached this duty and the breach caused harm. The question then becomes did this duty include within the ambit of its protection the risk that the sole fault of the survival action beneficiaries would cause the injury? Stated another way, should survival action beneficiaries be allowed to recover when the sole cause of the tort victim’s injuries is the fault of the survival action beneficiaries? The basic policy behind Article 2317 is that a person who owns (has custody) of a thing is in the best position to discover and repair defects in the' thing, and, if he fails to do so, he will be liable in damages to an injured party. This potential liability for damages is the inducement to the owner (custodian) to discover and repair the defects and prevent the risk to others. To allow an owner-tort-feasor to recover survival action damages when his sole fault (breach of duty) has caused the damages, runs contrary to the policy which supports the duty. The duty which the Doughtys owed under Article 2317 does not protect them against the risk that they (the Doughtys) will be beneficiaries of a survival action resulting from their sole fault. Cf H. Johnson, Death on the Callais Coach: The Mystery of Louisiana Wrongful Death and Survival Actions, 37 La.L.Rev. 1, 46 (1976).
For the foregoing reasons, I respectfully concur.